No. 33.—JUSTICES OF THE INFERIOR COURT OF LEE COUNTY, plaintiffs in error, *vs.* PHILIP P. MONROE, defendant in error.

Exceptions to the decision of the Inferior Court, when tendered, should contain a full statement of the proceedings of that Court upon the matter excepted to.

*Mandamus,* In Lee Superior Court. Tried before Judge ALLEN, October Term, 1856.

Philip P. Monroe applied to the Judge of the Superior Court for a mandamus against the Justices of the Inferior Court of Lee county, to compel them to sign and certify the exceptions tendered by him to a decision made by said Inferior Court.

The Judge of the Superior Court granted a *rule nisi* against the said Justices to show cause at the next Term of Lee Superior Court, why a peremptory mandamus should not issue.

The Justices of the Inferior Court, at the return of the *rule nisi* appeared and answered, showing for cause why said mandamus should not issue, that the exceptions tend-

ered by petitioner did not contain a full statement, or such a statement of facts, as transpired in the case before them, and as would enable a reviewing Court to decide properly on the legality of the judgment complained of.

Judge ALLEN, upon hearing the answer, ordered a peremptory mandamus to issue against the Justices.

To this order, they, by their counsel, excepted and assign error.

PEARMAN & KIMBROUGH, for plaintiffs in error.

WEST & LYON,; VASON & DAVIS, for defendant in error.

*By the Court.*—McDONALD, J. delivering the opinion.

The defendant in error, Philip P. Monroe, had been arrested on a writ of *ca. sa.* at the instance of R. W. Howes & Co., returnable to the Inferior Court of Lee county. He gave bond, with security, in terms of the law for his appearance, &c. At the Court at which the said Monroe was bound to appear, the plaintiff moved to enter up judgment on the bond. The counsel for defendant in error opposed it, on the ground that there was no such judgment as that on which the said writ of *ca. sa.* was issued. Plaintiff's counsel moved to amend the *ca. sa.* so as to make it conform to the judgment on which it had been issued. This motion was resisted on the ground that the clerk who had issued it had gone out of office, that he could not amend it, and the Court could not amend it. The Court allowed the *ca. sa.* to be amended, and ordered judgment to be entered upon the bond. The defendant's counsel submitted to the Court exceptions to its decision, which it refused to sign, unless the defendant's counsel would incorporate in his exceptions, the order of the Court directing the *ca. sa.* to be amended. Counsel then asked the Court to certify that they had refused to sign the exceptions, but upon the condition above stated, which they refused to do.

The defendant petitioned the Judge of the Superior Court for a *mandamus nisi*, to compel the Inferior Court to sign the bill of exceptions, which was granted.

The Inferior Court showed cause against making the *mandamus* absolute, that when counsel for defendant presented the exceptions to their decision, they proposed to correct them so as to show clearly to the Superior Court what they had done in the case, either by inserting in the exceptions tendered, the order for the amendment of the writ of *ca. sa.* or by the statement that the amendment was not made by the former clerk, but by order of the Court on his evidence.

The Judge of the Circuit Court made the order for the *mandamus* absolute on this return of the Inferior Court. His decision is excepted to and error is assigned upon it.

The record shows the omission of a most material fact in the bill of exceptions, as tendered to the Inferior Court, and one which was necessary to a correct understanding of their decision. The judgment of a Court upon facts submitted to its decision cannot be correctly understood, unless the facts are set forth. Courts were intended to administer the law, that justice may be done in controversies between parties before them, and this cannot be done if one party is to be allowed to present a one sided statement of the case.

Every case must come up in such a manner as to enable the corrective Court, to pronounce its judgment with a complete understanding of the rights of parties as they were presented in the Court below. As the exceptions to the decision of the Inferior Court were not full, and did not state the case in a manner that would enable the Court to decide justly between the parties, that Court acted very properly to refuse to sign them as they were tendered, as well as to certify that they had refused to, except on the terms they stated to counsel.

Judgment of Court below reversed.